# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**NANCY EILEEN MICK,**

    Plaintiff,

vs.                                     Civil Action 2:08-CV-990
                                              Judge Frost
                                              Magistrate Judge King

**VERNON P. STANFORTH,** *et al.,*

    Defendants.

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff, the administratrix of the Estate of Lori Bailey, alleges that defendants' actions in connection with their failure to enforce a civil protection order obtained by the decedent against her husband resulted in the latter's kidnaping and murder of the decedent, as well as property damage to the residence. This matter is before the Court on plaintiff's motion for an extension of time to perfect service. *Plaintiff's Memorandum in Opposition to Defendant Terry Olsen, Jr.'s Motion to Dismiss or, in the Alternative, Motion for Extension of Time to Perfect Service*, Doc. No. 33 ("*Motion for Extension*").

This action was filed on October 20, 2008, naming, *inter alia*, Terry A. Olsen, Jr., as a defendant. *Complaint*, Doc. No. 1. On October 31, 2008, plaintiff attempted service on defendant Olsen in Ohio, but the summons was returned unexecuted on November 20, 2008. Doc. Nos. 7 and 15. Plaintiff searched for defendant Olsen's whereabouts, utilizing Lexis Nexis and the Florida motor vehicles registration records. *Motion for Extension*, p. 2 (citing Exhibits 2, 2A, 3 and 3A, attached thereto). The Florida Bureau of Motor Vehicles

reflected an address of 4189 Timberline B1, Venice, Florida, for defendant Olsen.  *Id*.

Thereafter, plaintiff issued a summons to defendant Olsen at that address.  Doc. No. 17.  On December 2, 2008, that summons was returned executed.  Doc. No. 19.  Plaintiff believed that service of process had been properly executed.  *Motion for Extension*, p. 2.  However, defendant Olsen has moved to dismiss the action, arguing that service was defective.  *Defendant Terry Olsen Jr.'s Motion to Dismiss Due to Insufficient Service of Process*, Doc. No. 29 ("*Motion to Dismiss*").  More specifically, defendant Olsen contends that it is his father, Terry A. Olsen, Sr., who lives at the Venice, Florida address, along with defendant Olsen's stepmother; that defendant Olsen did not live there at the time the *Complaint* was delivered; and that defendant Olsen has not spoken to his father or stepmother about the *Complaint*. *Id*. at 2 (citing *Affidavit of Terry A. Olsen, Jr.* ("*Olsen Aff.*"), attached to *Motion to Dismiss*).  Defendant Olsen contends that there is no evidence that he received the *Complaint* and that service at the Venice, Florida, residence was not reasonably calculated to apprise him of the litigation.  *Id*. at 3.

Plaintiff argues that yet additional sources indicate that defendant Olsen's address is 4189 Timberline B1, Venice, Florida, which is where service was obtained via certified mail return receipt requested.  *Motion for Extension*, p. 3 (citing Exhibits 4 and 5, attached thereto).  However, plaintiff requests that, should the Court determine that service at that address was not perfected, or should the Court wish to hold in abeyance its decision on the *Motion to Dismiss*, the Court grant an extension of 90 days to allow plaintiff to

perfect service. *Id*. at 7.

Rule 4(m) of the Federal Rules of Civil Procedure requires that claims against any party not served within 120 days be dismissed without prejudice unless good cause is shown for the failure to make timely service of process. A finding of good cause for an extension of time in which to serve a defendant is a matter of discretion entrusted to the district court. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). Inadvertence on the part of counsel or "half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Id*. Instead, establishing good cause requires a showing of "at least excusable neglect." *Stafford v. Franklin County*, No. 2:04-cv-178, 2005 U.S. Dist. LEXIS 12740, at *8 (S.D. Ohio June 28, 2005).

In this case, plaintiff first attempted to serve defendant Olsen in Ohio at an addressed used by a county prosecutor in 2007 in a criminal action. *Motion for Extension*, p. 1. When that attempt failed, plaintiff utilized several different methods to locate defendant Olsen's whereabouts, including Lexis Nexis, the Florida Bureau of Motor Vehicles database and a registration for a Florida Concealed Weapon Permit. *See* Exhibits 2, 2A, 3, 3A, 4 and 5, attached to *Motion for Extension*. Once it appeared that an address in Venice, Florida, for defendant Olsen was valid, plaintiff issued a second summons, which was returned executed.

Assuming, without deciding, that plaintiff has failed to perfect service, the Court concludes that plaintiff has demonstrated good cause for her purported failure to properly serve process on defendant Olsen. Moreover, the Court notes that the United States Court of

3

Appeals for the Sixth Circuit has expressed a "strong preference" for cases to be decided on the merits. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Accordingly, under these circumstances, the Court concludes that an extension of time to properly serve defendant Olsen is appropriate.

**WHEREUPON**, *Plaintiff's Memorandum in Opposition to Defendant Terry Olsen, Jr.'s Motion to Dismiss or, in the Alternative, Motion for Extension of Time to Perfect Service*, Doc. No. 33, is **GRANTED**. Plaintiff is **GRANTED** an extension of time of 90 days to perfect service on defendant Terry A. Olsen, Jr.

In light of the foregoing, *Defendant Terry Olsen Jr.'s Motion to Dismiss Due to Insufficient Service of Process*, Doc. No. 29, is **MOOT**. The Clerk is **DIRECTED** to remove that motion from the Court's pending motions list.

May 27, 2009                                            *s/Norah McCann King*
                                                         Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge